1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO R. ROSADO, | ) | No. C 12-2074 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| | ) | RESPONDENT'S MOTION TO |
| v. | ) | DISMISS IN PART; DENYING |
| | ) | REMAINING CLAIM; |
| MARION SPEARMAN, Warden, | ) | DENYING CERTIFICATE OF |
| | ) | APPEALABILITY |
| Respondent. | ) | |
| _____ | ) | (Docket No. 6) |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  Respondent has filed a motion to dismiss for failure to exhaust.  Petitioner has

filed an opposition, and Respondent has filed a reply.  For the reasons below, the Court grants

Respondent's motion to dismiss in part, dismisses Petitioner's equal protection claim, and denies

Petitioner's remaining claim.

I.      BACKGROUND

Petitioner challenges a 2011 decision by the Board of Parole Hearings ("Board") denying

him suitability for parole.  Petitioner filed unsuccessful state habeas petitions in all three levels

of the California courts.  The instant petition was filed on April 25, 2012.  In the petition, this

Court found that Petitioner presented the following cognizable claims:  (1) the denial of parole

violated Petitioner's right to equal protection, and (2) the denial of parole breached Petitioner's

1    plea agreement.

2    **II.    DISCUSSION**

3        A.    Equal Protection Claim

4        Respondent claims that Petitioner failed to exhaust his equal protection claim in the

5    California Supreme Court.  In addition, Respondent alleges that the equal protection claim

6    should be dismissed as meritless.

7        Prisoners in state custody who wish to challenge collaterally in federal habeas

8    proceedings either the fact or length of their confinement are first required to exhaust state

9    judicial remedies, either on direct appeal or through collateral proceedings, by presenting the

10   highest state court available with a fair opportunity to rule on the merits of each and every claim

11   they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c).  The

12   exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state

13   "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal

14   rights.'"  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted).  The exhaustion

15   requirement is satisfied only if the federal claim has been "fairly presented" to the state courts.

16   *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).  A federal

17   district court must dismiss a federal habeas petition containing any claim as to which state

18   remedies have not been exhausted.  *See Rhines v. Weber*, 544 U.S. 269, 273 (2005).

19       Respondent has attached a copy of Petitioner's petition for review to the California

20   Supreme Court, arguing that Petitioner did not raise his claim of equal protection to the

21   California Supreme Court.  (Mot., Ex. A.)  Petitioner also has not submitted any evidence to the

22   contrary.  Petitioner's opposition, though not a model of clarity, appears to allege that because

23   the California Supreme Court gave an "unexplained denial," this Court should address the claim.

24   (Opp. at 2.)  This Court has reviewed the petition for review to the California Supreme Court and

25   agrees with Respondent that Petitioner did not fairly present his equal protection claim to the

26   highest state court.  Accordingly, the Court GRANTS Respondent's motion to dismiss the equal

27

28

Order Granting Respondent's Motion to Dismiss in Part; Denying Remaining Claim; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.12\Rosado074mtdexh.wpd

1   protection claim as unexhausted.[1]

2          B.      Breach of Plea Agreement Claim

3          Petitioner also argues that when he agreed to plead guilty, the agreement was that his

4   sentence would be set at 14.2 years.  (Doc. No. 2 at 6-7.)  Petitioner claims that he has now been

5   incarcerated for 10 years beyond that sentence.  (*Id.*)  Respondent counters that there is no

6   evidence that Petitioner's plea agreement reflected a guaranteed term sentence, and in fact, the

7   evidence shows the opposite.

8          "Plea agreements are contractual in nature and are measured by contract law standards."

9   *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003) (*quoting United States v. De la Fuente*, 8

10  F.3d 1333, 1337 (9th Cir. 1993)).  It is clearly established federal law that the interpretation of

11  state court plea agreements, and all contractual obligations resulting therefrom, are generally

12  matters of state law.  *See Buckley v. Terhune*, 441 F.3d 688, 694-695 (9th Cir. 2006).  Under

13  California law, "[a] plea agreement violation claim depends upon the actual terms of the

14  agreement, not the subjective understanding of the defendant . . . ."  *In re Honesto*, 130 Cal. App.

15  4th 81, 92 (2005).  Consequently, in order for the state court to determine whether the terms of a

16  plea agreement have been violated, the terms of such agreement must be placed on the record.

17  *Id.* (finding "no evidentiary basis" for petitioner's claim that plea agreement was violated by

18  Board's denial of parole, where petitioner "did not submit a transcript or a declaration from the

19  trial judge, his trial counsel or the prosecutor").

20         Although a criminal defendant has a due process right to enforce the terms of a plea

21  agreement, *see Santobello v. New York*, 404 U.S. 257, 261-62 (1971), Petitioner has not provided

22  any evidence that there was a term of the plea agreement that has been breached.  Portions of the

23  sentencing transcript reveal that Petitioner acknowledged that, as a result of his guilty plea, he

24  was sentenced to 15 years to life in prison.  (Pet., Ex. 1(c) at 85.)  Moreover, the Superior Court

26         [1]  Because the Court concludes that the equal protection claim is unexhausted, it is
27  unnecessary to address Respondent's additional argument that the equal protection claim is
    without merit.

28

1   clearly informed Petitioner that, upon release from prison, "assuming [Petitioner is] ever released

2   from custody," Petitioner would be subject to a maximum term of five years of parole. (*Id.*)

3   Petitioner raised no objection to either declaration.

4          Petitioner has provided no evidence that his plea bargain included a promise that he

5   would be released on parole after he reached any specific number of years in custody, as opposed

6   to an indeterminate life sentence.  In California, an indeterminate sentence is effectively a

7   sentence for the maximum term unless the Board acts to fix a shorter term. *See In re*

8   *Dannenberg*, 34 Cal. 4th 1061, 1097-98 (2005).  The sentencing transcript reflects that Petitioner

9   was sentenced to an indeterminate sentence of 15 years to life for a murder conviction.  Thus,

10  Petitioner's 15 years to life sentence has a life maximum, and there is no indication of any

11  agreement or promise to the contrary.

12         Accordingly, the state court's rejection of Petitioner's claim that his plea agreement was

13  breached was not contrary to, nor an unreasonable application of, clearly established Supreme

14  Court authority.

15  **III.   CONCLUSION**

16         Respondent's motion to dismiss is GRANTED in part.  Petitioner's equal protection

17  claim is DISMISSED without prejudice for failure to exhaust.  Petitioner's breach of plea

18  agreement claim is DENIED on the merits.

19         The federal rules governing habeas cases brought by state prisoners require a district

20  court that denies a habeas petition to grant or deny a certificate of appealability in its ruling.

21  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states

22  a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484

23  (2000).  Accordingly, a certificate of appealability is DENIED.

24          The Clerk shall terminate all pending motions and close the file.

25         IT IS SO ORDERED.

26  DATED:  ___7/16/13___

27                                                    LUCY H. KOH
                                                      United States District Judge

28

Order Granting Respondent's Motion to Dismiss in Part; Denying Remaining Claim; Denying Certificate of
Appealability
G:\PRO-SE\LHK\HC.12\Rosado074mtdexh.wpd